9 F.3d 978
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Vicente B. ROLLON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3078.
 United States Court of Appeals, Federal Circuit.
 Sept. 17, 1993.
 
 Before PLAGER and LOURIE, Circuit Judges, and RONEY[1], Senior Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Vincente B. Rollon petitions for review of the final decision of the Merit Systems Protection Board, Docket No. SE0831920227-I-1, dismissing as untimely his appeal of the decision of the Office of Personnel Management (OPM) denying his request for deferred annuity benefits under the Civil Service Retirement Act of 1978 (CSRA). We affirm.
 
 DISCUSSION
 
 2
 In a decision issued May 9, 1989, the OPM sustained its earlier decision denying Rollon's request for a deferred annuity because he had not satisfied the minimum statutory requirement of five years creditable service under the CSRA. 5 U.S.C. Secs. 8333(a), 8338(a) (1988). By letter addressed to the OPM dated February 4, 1992, Rollon again requested that the agency reconsider its decision and that it waive the time limit for filing an appeal. The Administrative Judge (AJ) treated that letter as an appeal to the Board and issued an order directing Rollon to provide evidence and argument showing that good cause existed for the delay in filing his appeal.[2] Rollon failed to respond to the order and the AJ granted the agency's motion to dismiss. That decision became the final decision of the Board when it denied review on October 5, 1992.
 
 
 3
 In his petition for review of the Board's decision, Rollon claims that the Board should have waived the time limit for filing for good cause under 5 C.F.R. Secs. 1201.12 and 1201.22(c) (1992). We will not disturb the Board's denial of such a waiver unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc); 5 U.S.C. Sec. 7703(c) (1988). Moreover, "whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." 966 F.2d at 653.
 
 
 4
 As a claimant for annuity benefits, Rollon bore the burden of proving entitlement to such benefits. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). The only evidence of record relating to the filing delay is a note from his physician stating that Rollon was "bedridden" due to illness and was apparently unable to manage his affairs during the period from February to June 1989. His alleged incapacity during this 4-month period, however, fails to adequately account for the nearly 32-month delay in filing his appeal with the Board and does not alone establish good cause for that delay.
 
 
 5
 Based upon our review of the record, we conclude that the Board's refusal to waive the time limit was not arbitrary, capricious, or an abuse of discretion, and was in accordance with law. Accordingly, the Board's decision to dismiss Rollon's appeal as untimely filed is affirmed.
 
 
 
 [1]
 Honorable Paul H. Roney, Senior Circuit Judge, Eleventh Circuit, sitting by designation
 
 
 [2]
 Because the OPM did not specify an effective date in its May 9, 1989 decision, the applicable time limit for filing an appeal was 25 days from the issuance date of the decision. 5 C.F.R. Sec. 1201.22(b) (1993)